Jason Sias (SBN #279196)
*Jsias@siaslawinc.com*
**SIAS LAW, INC.**
1809 S Street, Suite 101-291
Sacramento, CA 95811
Telephone: (888) 958-5071
Facsimile: (888) 958-5072

Counsel for PLAINTIFF
CHRISTOPHER SORENSON, JR.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### EUREKA-MCKINLEYVILLE DIVISION

| | |
|---|---|
| CHRISTOPHER SORENSON, JR., <br><br> PLAINTIFF, <br> vs. <br><br> COUNTY OF LAKE, a public entity, SHERIFF BRIAN L. MARTIN, in his individual capacity, DEPUTY FRANK GOODMANSON, in his individual capacity, and DOES 1-50, inclusive, Jointly and Severally, <br><br> Defendants. | Case No.: _____ <br><br> **PLAINTIFF'S COMPLAINT FOR DAMAGES** <br><br> 1. Fourteenth Amendment (42 U.S.C. § 1983) <br> 2. Negligence <br> 3. Negligent Infliction of Emotional Distress <br> 4. Intentional Infliction of Emotional Distress <br><br><br> **DEMAND FOR JURY TRIAL** |

### COMPLAINT FOR DAMAGES

1. PLAINTIFF, CHRIS SORENSON, JR., complains of defendants COUNTY OF LAKE ("COUNTY"), a public entity, SHERIFF BRIAN L. MARTIN (hereinafter as "MARTIN") in his individual capacity, sheriff DEPUTY FRANK GOODMANSON (hereinafter as "GOODMANSON") in his individual capacity, and DOES 1-50 (collectively hereinafter as "DEFENDANTS"), inclusive, in their respective capacities as law enforcement officers

employed by the COUNTY for their respective violations of MR. SORENSON's rights as follows:

**INTRODUCTION**

2. This civil rights action seeks compensatory and punitive damages from Defendants for violating various rights under the United States Constitution and state law in connection with failure to provide competent medical care to PLAINTIFF while he was in the Defendants' custody.

3. At all times and places mentioned herein, the Defendants, including DOES 1-50, and each of them, were sheriff deputies, jail staff, physicians, nurses, and other medical practitioners and medical providers, who, over the course of two months, and despite intake worker(s) noting that PLAINTIFF suffered from disabilities and having PLAINTIFF's prescribed medication, refused to provide him with his medication that eased the effects of his disabilities, failed to assess his physical and mental health in a timely or competent manner, refused to respond to requests for medical attention, mocked PLAINTIFF for his disability, and engaged in military style torture tactics.

4. As a result of Defendants mistreatment in spite of their knowledge of PLAINTIFF's disabilities, PLAINTIFF suffered from an attempted suicide attempt, depression, physical injuries that required medical treatment, including, but not limited to, multiple painful lesions and boils, contusions, numbness, stiffness, swelling, headaches, sleep deprivation, shame and humiliation, anxiety, nightmares, and an inability to engage in typical day-to day activities.

**PARTIES**

5. At all relevant times, **CHRISTOPHER SORENSON, JR**. (hereinafter as "PLAINTIFF" or "MR. SORENSON") is a thirty-one-year-old citizen of the United States of America, a resident of the county of Lake, California. Mr. Sorenson is a former Marine who was honorably discharged and diagnosed with several disabilities, including, among other ailments, Post Traumatic Stress Disorder (hereinafter as "PTSD"), enduring the discomfort of living with hidradenitis suppurativa ("HS") and other psychiatric disabilities, conditions that cause him to endure, among other pains, chronic flare-ups of swollen, painful lesions and boils, and night

**SIAS LAW, INC.**
1809 S Street, Suite 101-291
Sacramento, CA 95811
T: 888.958.5071 – F: 888.958.5072

terrors, which require prescription medication to alleviate his sufferings living with sleep apnea that requires a continuous positive airway pressure ("CPAP") machine, (hereinafter collectively referred to as "disabilities"). He utilizes his prescription medications to mitigate the effects of his disabilities, pain, suffering, and discomfort.

6. At all relevant times to this action, Defendant **COUNTY OF LAKE** is and was a duly organized public entity, law enforcement agency, existing under the laws and Constitution of the State of California. At all relevant times, COUNTY possessed the power and authority to adopt policies and prescribe rules, regulations and practices affecting the operation of the COUNTY and its tactics, methods, practices, customs, and usages. At all relevant times, COUNTY was the employer of MARTIN, GOODMANSON, and DOES 1-50 who were COUNTY sheriff deputies, medical staff, administration staff, correctional officer's supervisorial officers, and who were managerial supervisorial and policymaking employees of the COUNTY. On information and belief, at all relevant times, DOES 1-50 were residents of the Lake County, California.

7. At all times relevant to this action, Defendant COUNTY was responsible for assuring that the actions, omissions, policies, practices, and customs of the COUNTY and its employees and agents complied with the laws of the United Sates and the State of California.

8. Defendant COUNTY is sued in its own right on the basis of its policies, customs, and practices that gave rise to PLAINTIFF'S federal rights claims.

9. At all relevant times to this action, Defendant **SHERIFF BRIAN L. MARTIN** was the Sheriff for the County of Lake. He is sued in his individual capacity.

10. At all relevant times to this action, Defendant **DEPUTY FRANK GOODMANSON**, was an employee of the COUNTY while working at Lake County Jail, located at 4913 Helbush Drive, Lakeport, California 95453, which is operated by COUNTY and is the COUNTY (hereinafter as "LAKE JAIL"), and in conjunction with his employment, was stationed at the LAKE JAIL during PLAINTIFF's incarceration the LAKE JAIL. He is sued in his individual capacity.

11. At all relevant times to this action, **Defendants DOES 1-50** were duly authorized employees and agents of COUNTY, who were acting under color of law within the course and

SIAS LAW, INC.
1809 S Street, Suite 101-291
Sacramento, CA 95811
T: 888.958.5071 – F. 888.958.5072

scope of their respective duties as correction officers and with the complete authority and ratification of their principal, Defendant COUNTY.

12. At all relevant times, DOES OFFICERS were duly appointed officers and/or employees of agents of COUNTY, subject to oversight and supervision by COUNTY'S elected and non-elected officials.

13. In doing the acts and failing and omitting to act as hereinafter described, Defendants DOE OFFICERS were acting on the implied and actual permission of COUNTY.

14. At all times mentioned herein, each and every COUNTY defendant was the agent of each and every other COUNTY defendant and had the legal duty to oversee and supervise the hiring, conduct and employment of each and every COUNTY defendant.

15. PLAINTIFF is informed and believe and thereon allege that each of the Defendants designated as a DOE are intentionally and negligently responsible in some manner for the events and happenings herein referred to, and thereby proximately caused injuries and damages as herein alleged. The true names and capacities of DOES 1 through 50 (hereinafter as "DOES"), inclusive, and each of them, are not now known to PLAINTIFF who, therefore, sues said Defendants by such fictitious names. PLAINTIFF will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

16. All DEFENDANTS who are natural persons, including DOES 1-50, are sued individually and/or in his/her official capacity as officers, sergeants, captains, commanders, supervisors, and/or civilian employees, agents, medical staff, and representatives for the COL.

17. DEFENDANTS are liable for PLAINTIFF'S injuries under California law and under the doctrine of *respondeat superior*. Liability under California law for public entities and public employees is based on California Government Code §§ 815.2 and 820.

**CLAIMS STATUTE REQUIREMENT**

18. PLAINTIFF filed a timely claim with Defendant COUNTY OF LAKE  pursuant to California Government Code §§ 910 et. seq. on April 21, 2021. Defendant COUNTY rejected that claim on June 15, 2021.

///

PLAINTIFF'S COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

**SIAS LAW, INC.**
1809 S Street, Suite 101-291
Sacramento, CA 95811
T: 888.958.5071 – F. 888.958.5072

SIAS LAW, INC.
1809 S Street, Suite 101-291
Sacramento, CA 95811
T: 888.958.5071 – F: 888.958.5072

**JURISDICTION**

19. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1334, 1367 and 1391, and arises under 42 U.S.C. §§ 1983, 1985, 1986, 1988 and the Fourth Amendment of the United State Constitution. The amount in controversy herein, excluding interest and costs, exceeds the minimum jurisdictional limit of this Court.

**INTRADISTRICT ASSIGNMENT TO EUREKA DIVISION**

20. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b) and (c) and United States District Court for the Northern District of California (hereinafter as "CAND") local rule 3-2(f) because the Defendants reside in, and all incidents, events, and occurrences and/or omission complained of herein giving rise to this action occurred in the city of Lakeport, Lake County, California, and this action is properly assigned to the Eureka Division of CAND.

**FACTS COMMON TO ALL COUNTS**

21. MR. SORENSON realleges each and every allegation above with the same force and effect as if fully set forth herein.

22. On or about October 21, 2020, PLAINTIFF was arrested by a police officer from the COUNTY and booked into custody at the LAKE JAIL.

23. During intake and after PLAINTIFF notified DOE staff of his psychological and psychiatric illnesses and disabilities, and of his prescription medication and previous incidents of self-harm when he did not have access to his medication, DOE staff nurse informed PLAINTIFF that they would classify him as disabled and her recommendation to the jail staff would be to assign him to a bottom bunk for his health and physical safety[1].

24. Later in the day of PLAINTIFF'S arrest, PLAINTIFF'S father also notified DOE jail staff employees of PLAINTIFF'S disabilities and prescription medication (hereinafter also as "medication(s)", and his father delivered PLAINTIFF's CPAP machine and medication to DOE employee working the front reception desk at LAKE JAIL. While delivering the medication and CPAP, he informed the staff that if he did not have the CPAP, his son's heart could stop and cause him death, and that without his medication, his son could fall into a deep depression and

---

[1] PLAINTIFF required a lower bunk accommodation to avoid falling off the bed and injuring himself because without his medication, his disabilities could impulsively throw him off the bed.

cause himself harm.

25. After finishing the intake process, PLAINTIFF was taken to and entered his assigned cell, whereupon he asked for access to his medications and CPAP machine that his father delivered. DOE deputies and/or employees refused to give PLAINTIFF his medication or the CPAP machine, and instead gave him Tylenol, which does not aid in relief of or assist with his disabilities. Furthermore, DOE deputies and/or employees, despite the DOE nurse's recommendation, assigned PLAINTIFF to a top bunk (even over PLAINTIFF's objection and continued assertions about the danger for him to sleep on a top bunk without taking his medication).

26. As a result of being placed on the top bunk without being provided his medication or CPAP, PLAINTIFF stayed awake the entire night out of fear of falling off the top bunk and the night terrors he would experience.

27. PLAINTIFF met with DOE nurse and again requested his CPAP and medication and informed the nurse about his failing mental health. The nurse informed PLAINTIFF that he could not have his CPAP until it was inspected and approved. The nurse stated that the maintenance man was performing the inspection and it would be returned once the inspection was completed.

28. When discussing PLAINTIFF's medication, the DOE nurse confirmed receipt of the medication his father delivered and acknowledged the potential consequences if he did not have his medication, however, she claimed that DOE staff would not give him his medication until a doctor examines it. PLAINTIFF requested an appointment with a doctor, and DOE nurse him he would have to wait for an upcoming appointment.

29. Subsequently, DOE LAKE JAIL's staff intentionally or negligently scheduled PLAINTIFF'S appointment at the same time PLAINTIFF was ordered to appear in court. As a result of being in court, PLAINTIFF was not taken to the doctor nor was he able to speak with the doctor.

30. Once back at LAKE JAIL, PLAINTIFF saw the DOE nurse and pleaded for his medication and CPAP. However, the nurse refused to provide him with either the medication or

CPAP because he had not seen the doctor yet. Again, DOE nurse informed PLAINTIFF that he had to wait for another appointment with the doctor to receive his CPAP and medication.

31. That evening, JAIL staff assigned PLAINTIFF to a new cell as a result of his continued complaints, but DOE staff again assigned PLAINTIFF to a top bunk.

32. Again, PLAINTIFF immediately alerted DOE officers about his disabilities and potential of harm to himself, and specifically notified them that he should not sleep on a top bunk because his disabilities prevented him from safely sleeping up there if he, which in this case he had not, did not take his medication. He also informed DOE deputies that his medication and CPAP were in the LAKE JAIL but DOE staff continued to refuse to give it to him. The DOE employees responded, "we are aware" but still refused to move him to the bottom bunk and refused to provide him with CPAP and medication.

33. PLAINTIFF, being sleep deprived, climbed up to the top bunk and attempted to sleep on the top bunk that night. Unfortunately, during his sleep, PLAINTIFF fell onto the floor, and while falling, hit his head on the stool on his way crashing down onto the floor. PLAINTIFF woke up on the floor in extreme pain and immediately began to scream and cry from the pain, as his cellmate shouted for help. The cellmate told the officers PLAINTIFF fell of the bunk.

34. DOE OFFICER gained access to the cell and found PLAINTIFF under the bottom bunk. PLAINTIFF face was hit on a stool when he fell from the top bunk. Since the fall, PLAINTIFF continued to experience bleeding from his nose and mouth following the fall.

35. As a result of the fall, PLAINTIFF experienced spontaneous bleeding from his nose and mouth, swelling in his left buttocks that caused extreme constant pain and lasted for at least two weeks, and an inability to lay on his back and sleep comfortably, if at all. PLAINTIFF complained to LAKE JAIL staff about his injuries, however, they continued to refuse to provide him his medication, especially his Gabapentin and Flexeril, which he takes to treat his chronic pain, both of which the LAKE JAIL staff acknowledged having receipt of.

36. PLAINTIFF was taken to the medical area of LAKE JAIL. There, the staff gave PLAINTIFF two heat compress packs, an ice compress pack, and ibuprofen to address his injuries. Afterwards, PLAINTIFF was returned to his cell and as a result of this fall, LAKLE

SIAS LAW, INC.
1809 S Street, Suite 101-291
Sacramento, CA 95811
T: 888.958.5071 – F: 888.958.5072

JAIL employees gave him his CPAP, but continued to refuse giving him his medication.

37. On or about October 23, 2020, PLAINTIFF, for the third time and because of his declining mental health and depressed thoughts, requested LAKE JAIL staff for his medication. However, LAKE JAIL staff invented a new condition for him prior to receiving his prescribed medication: that he would have to meet with a psychologist[2] prior to receiving medication.

38. By October 27, 2020, LAKE JAIL staff continue to deny PLAINTIFF an appointment with a psychologist to authorize PLAITNIFF's already prescribed medication. As a result of his declining mental health, PLAINTIFF fell into a deep depression and attempted suicide.

39. But for another inmate intervening, I would have jumped to my death. As a result of my attempt, DOE deputies handcuffed PLAINTIFF and carried him to a "safety cell" (otherwise known as solitary confinement) where he was stripped naked, left without his eyeglasses and his CPAP, placed into an extremely cold cell that was without a bed, toilet, sink, or access to water. DOE deputies instructed PLAINTIFF to use a hole in the ground when he had to use the restroom. In addition to these deplorable conditions, DOE staff continued to deny him his medication and constantly kept an overhead bright light on, which made it impossible to sleep.

40. As a result of the LAKE JAIL staff employing the torture tactics[3] of sleep deprivation, confiscating his eyeglasses while shining harsh bright light on his person, and confining him to an extremely cold cell without any clothing, those factors caused PLAINTIFF to have severe headaches while he was locked away in the cell.

41. Even more disturbing, PLAINTIFF was told by JAIL staff he was he placed on a 72 hold because he was a danger to himself, however, PLAINTIFF remained locked away in that

---

[2] This was a new condition of receiving the medication since the first time the staff claimed he had to meet with a doctor to authorize the use of the medication, and this second condition premised on meeting a psychologist who would have to prescribe the same medication – medication that he already had a valid prescription for use.

[3] Sleep deprivation and shining harsh lights on persons in custody are two forms of torture tactics that have been adopted and used by military personnel. https://www.theguardian.com/world/2003/jan/25/usa.alqaida

PLAINTIFF'S COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

cell for 84 hours. During the 84 hours, he spoke with three different DOE officers:

42. On information and belief, Officer Wallahan agreed that his reasons for his medication and better treatment was valid; on information and belief, Officer GOODMANSON mocked PLAINTIFF's suicide attempt saying things like, "[t]hat wasn't too smart, was it? Bet you won't do that again" as he laughed and walked away, which only added to his declining mental state and emotional distress; and on information and belief, Officer, Morris agreed that PLAINTIFF should have never been assigned to a top bunk.

43. At some point thereafter, a psychiatric nurse met with PLAINTIFF in the safety cell to perform a wellness check. PLAINTIFF pleaded with the nurse to give him his medication. After her evaluation, she agreed that PLAITNIFF should have had his medication since his initial confinement and granted him the right to his medication. That day, after at least a week of being detained, he finally got his medication.

44. Although he received some of his medication after that visit, LAKE JAIL staff continued to mistreat him and deny him with the medical assistance he required.

45. First, during the first two months of his incarceration, he was still without his medication to treat his HS (his Humira) for over two months. This caused him to develop painful boils and lesions in his groin area.

46. Next, by mid-November 2020, PLAINTIFF contracted COVID-19 from LAKE COUNTY jail staff, which exacerbated his underlying condition of arrhythmia and asthma.

47. Then, when PLAINTIFF complained of neck and back spasms, which felt like a disk or vertebrae slipped out of place, and immediately called for medical staff assistance - medical staff never would come.

48. There were times when PLAINTIFF would lose mobility in his neck due to his underlining conditions and injuries, but it would typically take the medical staff 72 hours to respond, subjecting PLAINTIFF to endure extreme pain during that time.

49. By the time he received his HS medication on or about December 21, 2020, so much time lapsed between the last time he took his Humira that PLAINTIFF suffered from swollen and painful boils in his groin area.

SIAS LAW, INC.
1809 S Street, Suite 101-291
Sacramento, CA 95811
T: 888.958.5071 – F: 888.958.5072

50. At all material times, DEFENDANTS' intentional and/or negligent conduct was done without reasonable justification, or other legal right; lasted an excessive amount of time; and was conducted unreasonably. Alternatively, or concurrently, DEFENDANTS' own unreasonable actions created the situation in which DEFENDANTS decided to unlawful mistreatment against PLAINTIFF and caused an escalation of events leading to the unlawful injury to PLAINTIFF.

51. At all material times, and alternatively, the actions and omissions of each Defendant were intentional, wanton and/or willful, conscience shocking, reckless, malicious, deliberately indifferent to PLAINTIFF'S rights, done with actual malice, grossly negligent, negligent, and objectively unreasonable.

52. As a direct and proximate result of DEFENDANTS' and each of them, by and through their actions and omissions of their agents, employees, in the course and scope of their agency and employment, as set forth above, and including, but not limited to, negligently failed to exercise the proper degree of knowledge, competence and skill in examining and diagnosing, and rendering competent care; negligently failing to respond to repeated requests for treatment and medication, failed to demonstrate competence in addressing PLAINTIFF's inquiries and needs, failed in treating and caring for PLAINTIFF, failed in providing the appropriate level of safety, failed to assess, diagnose, evaluate, or investigate PLAINTIFF's health and need for treatment and his medication, failed in providing adequate medical care to PLAINTIFF, failed to prescribe needed medication, failed to provide access to competent medical professionals, negligently maintained his conditions of confinement to keep him safe, failed to provide mental health and a timely psychiatric assessment, treatment and health services, PLAINTIFF sustained the following injuries and damages, past and future, among others:

a. PLAINTIFF suffered physical injuries that required medical treatment, including, but not limited to, multiple lesions, boils, contusions, numbness, stiffness, swelling, skin discoloration, disorientation, headaches, muscle soreness, pain and discomfort, sleep deprivation and difficulty walking. Additionally, PLAINTIFF sustained a permanent injury on his groin, which causes him severe emotional anguish and pain;

b. PLAINTIFF suffered medical expenses;

c. PLAINTIFF is prevented from pursuing his usual occupation and activities, and on information and belief, he will be prevented from pursuing his usual occupation and activities from time to time in the future;

d. Plaintiff suffered great emotional pain, suffering, and distress, including, but not limited to, trauma, grief, fright, anger, fear, nervousness around law enforcement officers, trepidation, shame and humiliation, difficulty sleeping, anxiety, nightmares, and an inability to engage in typical day-to day activities;

e. all damages, costs, and attorney's fees and penalties recoverable under 42 U.S.C. §§ 1983, 1988, California Code of Civil Procedure § 1021.5, and as otherwise allowed under California and United States statues, codes, and common law; and

f.      in any amounts according to proof and in excess of the minimum jurisdictional amount of this Court as well as for the use of money, pre and post judgment interest, and such other damages as deemed just and proper.

### FIRST CAUSE OF ACTION

**Violation of the Fourteenth Amendment to the U.S. Constitution**

**(Against Defendants COUNTY, MARTIN and DOES 1 – 50)**

53.      PLAINTIFF, MR. SORENSON realleges each and every allegation of this Complaint with the same force and effect as if fully set forth herein.

54.      The 14th Amendment to the U.S. Constitution guarantees MR. SORENSON due process, including and not limited to, the right to necessary medical care as a pretrial detainee.

55.      The 8th Amendment guarantees provide MR. SORENSON a *minimum standard of care* for determining his rights as a pretrial detainee, including the right to medical care. Therefore, MR. SORENSON's 14th Amendment rights to medical care are greater than those afforded under the 8th Amendment to convicted prisoners.

56.      While acting under the color of state law and committing or omitting the actions as described herein, Defendants and DOES 1 - 50 deprived MR. SORENSON of these constitutionally protected rights for their failure to provide him with the necessary medical care.

**SIAS LAW, INC.**
1809 S Street, Suite 101-291
Sacramento, CA 95811
T: 888.958.5071 – F: 888.958.5072

SIAS LAW, INC.
1809 S Street, Suite 101-291
Sacramento, CA 95811
T: 888.958.5071 – F: 888.958.5072

57. Defendant MARTIN is the final policymaking authority for the COUNTY in managing the jail, including the establishment of policies, regulations, and customs with respect to an inmate's access to necessary medical care, including those related to pretrial detainees.

58. Staff at the LAKE JAIL told MR. SORENSON that, despite having access to his medication, they would refuse to provide him with his CPAP and needed medication. Even after seeing the consequences of PLAINTIFF not taking his medication, they continued to deprive him of his medication and imposed additional conditions that had to occur before he could receive his medication.

59. Furthermore, MR. SORENSON discussed his medication needs and CPAP to the guards and nurses in the jail, but COUNTY staff refused to allow him access to anything he needed to treat his condition. Moreover, when COUNTY staff scheduled PLAINTIFF with an appointment to see the doctor who would have been able to authorize his medication, DOE staff purposely schedule it during a time when PLAINTIFF was ordered to court – something that DOE staff knew prior to scheduling the appointment.

60. DOE staff took these actions to delay, for as long as possible, him the right to his medication to make him suffer, and continue to suffer, from additional pain and discomfort while in their custody.

61. As a result of the COUNTY's policy MR. SORENSON fell from the top bunk in his cell and injured his body and head, was without his prescriptions from at least two months, and suffered from the injuries discussed herein, including, but not limited to, those in ¶ 52.

62. In implementing such a policy, custom or regulation, DOE deprived MR. SORENSON of his constitutional right to be free of unwarranted pain and suffering.

Defendants knew or should have known that these policies, customs or practices would cause grievous injury to MR. SORENSON's in violation of his constitutional rights.

63. The COUNTY's policy was the moving force behind MR. SORENSON's 14th Amendment violations.

64. DOES 1 – 50, various COUNTY jail staff, executed policies, regulations or customs which deprived MR. SORENSON of his federal constitutional right to due process

PLAINTIFF'S COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

under the 14th Amendment — in particular the right to medical care as a pretrial detainee. With deliberate indifference COUNTY and DEFENDANT DOES 1 – 50 failed to provide MR. SORENSON with timely medical clearance for his needed medication and CPAP even though they knew he needed these items or he would experience extreme pain and injury. Such deliberate indifference to MR. SORENSON's serious medical needs amounted to a violation of her 14th Amendment rights.

65. As a direct and proximate result of the violation of MR.SORENSON' constitutional rights by COUNTY and DOES 1 -50, MR. SORENSON suffered general and special damages as alleged in this Complaint and is entitled to relief under 42 U.S.C. §1983.

66. The conduct of Defendants COUNTY and DOES 1 - 50, as herein alleged, was willful, wanton, malicious, and oppressive and justify the awarding of punitive damages.

**SECOND CAUSE OF ACTION**

**Negligence**

**(California Government Code § 820 and California Common Law)**

**(Against all Defendants)**

67. PLAINTIFF MR. SORENSON reallege each and every allegation in this Complaint with the same force and effect as if fully set forth herein.

68. Defendants owed a duty of care to PLAINTIFF and are required to use reasonable diligence to ensure PLAINTIFF were not harmed by Defendants' acts or omissions. Defendant DOES 1-50s' actions and omissions were negligent and reckless, and included, but were not limited to:

a. the failure correctly evaluate, assess, diagnose, treat, provide general psychiatric medical care to PLAINTIFF;

b. the failure to timely evaluate, assess, diagnose, treat, provide general psychiatric medical care to PLAINTIFF;

c. the employment of torture tactics;

d. the confinement of MR. SORENSON in a "safety cell" for longer than 72 hours;

e. the failure to protect MR. SORENSON against the deplorable conditions in the "safety

SIAS LAW, INC.
1809 S Street, Suite 101-291
Sacramento, CA 95811
T: 888.958.5071 – F. 888.958.5072

cell" including the temperature, the lack of access to water, and the lack of access to proper sanitation;

f. the failure to provide proper medical attention and access to needed medication and equipment;

g. failure to reasonably inquire into his medical and psychiatric health;

h. the failure to inquire into his medical and psychiatric treatment he had undergone and medications that he had been prescribed prior to his detention;

i. failure to exercise the proper degree of knowledge, competence and skill in examining, diagnosing, and rendering competent care (before and after PLAINTIFF suffered injuries while in their custody);

j. negligently failing to respond to repeated requests for treatment;

k. failing to provide proper and appropriate level of safety;

l. failing to demonstrate competence in addressing PLAINTIFF's inquires and needs;

m. failing to provide adequate medical care to PLAINTIFF;

n. failing to prescribe needed medication;

o. failing to give access to competent medical professionals; and

p. negligently maintaining his conditions of confinement to keep him safe.

69. Defendants knew, or should have known, of PLAINTIFF's needs, illnesses, psychiatric conditions, health conditions, medical conditions, and despite that knowledge, they breached the applicable standard of care.

70. As a direct and proximate cause of DEFENDANTS' actions and omissions, as set forth above, and other undiscovered negligent conduct, PLAINTIFF was caused to suffer severe pain and suffering, both physically and emotionally.

71. Additionally, at the aforementioned date, time, and place, DEFENDANTS negligently, carelessly and without reasonable care, withheld medical equipment and medication which caused boils and injury to his face.

72. COUNTY is vicariously liable for the wrongful acts of DOES 1-50 pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable

SIAS LAW, INC.
1809 S Street, Suite 101-291
Sacramento, CA 95811
T: 888.958.5071 – F: 888.958.5072

for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

73. PLAINTIFF is informed and believe and thereon allege that the Defendants' conduct was willful, malicious, wanton, intentional, oppressive, reckless and/or were accomplished with a willful and conscious disregard of the rights, welfare, and safety of the PLAINTIFF, thereby justifying an award of punitive and exemplary damages in an amount to be determined at the time of trial.

74. Additionally, DEFENDANTS had the authority to supervise, prohibit, control and/or regulate DEFENDANT DOE OFFICERS so as to prevent these acts and omissions from occurring.

75. DEFENDANTS failed to exercise due care by hiring, retaining, and failing to supervise, prohibit, control, or regulate DOE OFFICERS and Does 1-50. As a direct and proximate result of DEFENDANTS' negligent hiring, retention and supervision, control and regulation of DEFENDANT DOE OFFICERS, MR. SORENSON has suffered and continue to suffer injuries entitling them to damages in amounts to be proven at trial.

76. By the aforementioned acts and omissions of DEFENDANTS, and PLAINTIFF has been directly and legally caused to suffer actual damages, including, but not limited to, extreme pain and suffering both with regards to physical and mental suffering.

77. As a further direct and proximate cause of DEFENDANTS, and each of them, aforementioned conduct, PLAINTIFF has been caused to and did suffer and continues to suffer severe emotional and mental distress, anguish, humiliation, embarrassment, fright, shock, pain, discomfort, anxiety, physiological harm, physical pain and suffering. The exact nature and extent of these injuries are presently unknown to MR. SORENSON. PLAINTIFF do not know at this time the exact duration or permanence of said injuries but is informed and believes, and thereon alleges, that some, if not all, of the injuries are reasonably certain to be permanent in character.

78. As a result of their conduct, DEFENDANTS are liable for PLAINTIFF'S injuries, either because they were integral participants in the refusal of the needed medical care, or because they failed to intervene to prevent these violations despite having the opportunity to

SIAS LAW, INC.
1809 S Street, Suite 101-291
Sacramento, CA 95811
T: 888.958.5071 – F. 888.958.5072

intervene, or under the doctrine of *respondeat superior*.

79.     As a result of their conduct, PLAINTIFF suffered damages, including, but not limited to, extreme mental anguish and physical pain and suffering, loss of enjoyment of life, loss of earning capacity, other pecuniary losses not yet ascertained.

80.     PLAINTIFF is informed and believe, and thereon allege, that the DEFENDANTS, and each of them, by engaging in the aforementioned acts and/or in authorizing and/or ratifying such acts, engaged in willful, malicious, intentional, oppressive and despicable conduct, and acted with willful and conscious disregard of the rights, welfare and safety of PLAINTIFF, thereby justifying the award of punitive and exemplary damages in an amount to be determined at trial.

## **THIRD CAUSE OF ACTION**

**Negligent Infliction of Emotional Distress**

**(California Government Code § and California Common Law)**

**(Against all Defendants)**

81.     PLAINTIFF MR. SORENSON realleges each and every allegation of this complaint with the same force and effect as if fully set forth herein.

82.     Defendants owed a duty of care to PLAINTIFF and are required to use reasonable diligence to ensure PLAINTIFF were not harmed by Defendants' acts or omissions.  Defendant DOES 1-50s' actions and omissions were negligent and reckless, and included, but were not limited to:

a. the failure correctly evaluate, assess, diagnose, treat, provide general psychiatric medical care to PLAINTIFF;

b. the failure to timely evaluate, assess, diagnose, treat, provide general psychiatric medical care to PLAINTIFF;

c. the employment of torture tactics;

d. the confinement of MR. SORENSON in a "safety cell" for longer than 72 hours;

e. the failure to protect MR. SORENSON against the deplorable conditions in the "safety cell" including the temperature, the lack of access to water, and the lack of access to proper

SIAS LAW, INC.
1809 S Street, Suite 101-291
Sacramento, CA 95811
T: 888.958.5071 – F. 888.958.5072

sanitation;

f. the failure to provide proper medical attention and access to needed medication and equipment;

g. failure to reasonably inquire into his medical and psychiatric health;

h. the failure to inquire into his medical and psychiatric treatment he had undergone and medications that he had been prescribed prior to his detention;

i. failure to exercise the proper degree of knowledge, competence and skill in examining, diagnosing, and rendering competent care (before and after PLAINTIFF suffered injuries while in their custody);

j. negligently failing to respond to repeated requests for treatment;

k. failing to provide proper and appropriate level of safety;

l. failing to demonstrate competence in addressing PLAINTIFF's inquires and needs;

m. failing to provide adequate medical care to PLAINTIFF;

n. failing to prescribe needed medication;

o. failing to give access to competent medical professionals; and

p. negligently maintaining his conditions of confinement to keep him safe.

83. Defendants knew, or should have known, of PLAINTIFF's needs, illnesses, psychiatric conditions, health conditions, medical conditions, and despite that knowledge, they breached the applicable standard of care.

84. As a direct and proximate cause of DEFENDANTS' actions and omissions, as set forth above, and other undiscovered negligent conduct, PLAINTIFF suffered severe emotional distress. The Defendants' conduct was a substantial factor in causing his severe emotional distress.

85. COUNTY is vicariously liable for the wrongful acts of DOES 1-50 pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

86. PLAINTIFF is informed and believe and thereon allege that the Defendants'

SIAS LAW, INC.
1809 S Street, Suite 101-291
Sacramento, CA 95811
T: 888.958.5071 – F. 888.958.5072

conduct was willful, malicious, wanton, intentional, oppressive, reckless and/or were accomplished with a willful and conscious disregard of the rights, welfare, and safety of the PLAINTIFF, thereby justifying an award of punitive and exemplary damages in an amount to be determined at the time of trial.

87. Additionally, DEFENDANTS had the authority to supervise, prohibit, control and/or regulate DEFENDANT DOE OFFICERS so as to prevent these acts and omissions from occurring.

88. DEFENDANTS failed to exercise due care by hiring, retaining, and failing to supervise, prohibit, control, or regulate DOE OFFICERS and Does 1-50. As a direct and proximate result of DEFENDANTS' negligent hiring, retention and supervision, control and regulation of DEFENDANT DOE OFFICERS, MR. SORENSON has suffered and continue to suffer injuries entitling them to damages in amounts to be proven at trial.

89. By the aforementioned acts and omissions of DEFENDANTS, and PLAINTIFF has been directly and legally caused to suffer actual damages, including, but not limited to, extreme pain and suffering both with regards to physical and mental suffering.

90. As a further direct and proximate cause of DEFENDANTS, and each of them, aforementioned conduct, PLAINTIFF has been caused to and did suffer and continues to suffer severe emotional and mental distress, anguish, humiliation, embarrassment, fright, shock, pain, discomfort, anxiety, physiological harm, physical pain and suffering. The exact nature and extent of these injuries are presently unknown to MR. SORENSON. PLAINTIFF do not know at this time the exact duration or permanence of said injuries but is informed and believes, and thereon alleges, that some, if not all, of the injuries are reasonably certain to be permanent in character.

91. As a result of their conduct, DEFENDANTS are liable for PLAINTIFF'S injuries, either because they were integral participants in the refusal of the needed medical care, or because they failed to intervene to prevent these violations despite having the opportunity to intervene, or under the doctrine of *respondeat superior*.

92. As a result of their conduct, PLAINTIFF suffered damages, including, but not limited to, extreme mental anguish and physical pain and suffering, loss of enjoyment of life,

SIAS LAW, INC.
1809 S Street, Suite 101-291
Sacramento, CA 95811
T: 888.958.5071 – F. 888.958.5072

loss of earning capacity, other pecuniary losses not yet ascertained.

93. PLAINTIFF is informed and believe, and thereon allege, that the DEFENDANTS, and each of them, by engaging in the aforementioned acts and/or in authorizing and/or ratifying such acts, engaged in willful, malicious, intentional, oppressive and despicable conduct, and acted with willful and conscious disregard of the rights, welfare and safety of PLAINTIFF, thereby justifying the award of punitive and exemplary damages in an amount to be determined at trial.

**FOURTH CAUSE OF ACTION**

**Intentional Infliction of Emotional Distress**

**(California Government Code § 829 and California Common Law)**

**(Against COUNTY, GOODMANSON, and DOES 1-50)**

94. PLAINTIFF MR. SORENSON reallege each and every allegation in this Complaint with the same force and effect as if fully set forth herein.

95. Defendants, in forcing PLAINTIFF to succumb to the injuries defined herein, including, but not limited to, those specified in ¶ 52, and especially the torture tactics that DOES employed, the purposeful delay in scheduling PLAINTIFF to see a doctor, the denial of the prescribed medication and CPAP that was in the LAKE JAIL's possession while PLAINTIFF was incarcerated there, and purposely assigning PLAINTIFF to a top bunk despite knowing the likely consequencs from PLAITNIFF not being able to take his medication, was extreme and outrageous, and their actions were intended to cause PLAINTIFF emotional distress.

96. As a result the actions of Defendants' actions MR. SORENSON suffered severe emotional distress.

97. The conduct of Defendants was a substantial factor in causing MR. SORENSON's severe emotional distress.

98. Pursuant to Government Code Section 815.2(a), COUNTY is vicariously liable to him for injuries and damages suffered as alleged herein, incurred as a proximate result of the aforementioned wrongful conduct of its employees.

99. As a direct and proximate result of these Defendants' conduct, PLAINTIFF has

SIAS LAW, INC.
1809 S Street, Suite 101-291
Sacramento, CA 95811
T: 888.958.5071 – F. 888.958.5072

been damaged in an amount which will be determined at trial.

100. The acts of Defendants RASHNOFF, CASTRO and DOES 1 - 10 as herein alleged, were willful, wanton, malicious, and oppressive and justify the awarding of punitive damages.

## **PRAYER FOR RELIEF**

**WHEREFORE**, PLAINTIFF pray for judgment against Defendants and each of them, as follows

1. For compensatory (or general) and non-economic damages, in an amount to be proven at trial;

2. For special damages according to proof;

3. For punitive damages allowed by law against the individual, non-government entity, Defendants in an amount to be proven at trial;

4. For equitable relief;

5. For prejudgment and post judgement interest as permitted by law;

6. For reasonable costs of this suit incurred herein

7. For attorneys' fees as allowed by law;

8. For civil penalties as allowed by law;

9. Costs of suit; and

10. For such further other relief as the Court may deem just, proper and appropriate.

Dated: December 15, 2021

Respectfully Submitted,

**SIAS LAW, INC.**

By: _____

JASON O. SIAS
Counsel for Plaintiff
CHRISTOPHER SORENSON

SIAS LAW, INC.
1809 S Street, Suite 101-291
Sacramento, CA 95811
T: 888.958.5071 – F: 888.958.5072

SIAS LAW, INC.
1809 S Street, Suite 101-291
Sacramento, CA 95811
T: 888.958.5071 – F. 888.958.5072

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiff hereby demands a trial by jury in this action.

Dated: December 15, 2021

Respectfully Submitted,

**SIAS LAW, INC.**

By: _____

JASON O. SIAS
Counsel for Plaintiff
CHRISTOPHER SORENSON

PLAINTIFF'S COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL